UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JESSE L. YOUNGBLOOD, | CASE NO. 1:19-cv-01179 JLT (PC) |
|---|---|
| Plaintiff, | **ORDER TO ASSIGN DISTRICT JUDGE; AND** |
| v. | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF BE REQUIRED TO PRE-PAY THE FILING FEE BEFORE PROCEEDING WITH THIS ACTION** |
| ESQUERRA, et al., | |
| Defendants. | |
| | **(Doc. 1)** |
| | **FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner who alleges a governmental employee violated plaintiff's constitutional rights. (Doc. 1.) Plaintiff has not, however, paid the filing fee or submitted a motion to proceed *in forma pauperis*. For the reasons set forth below, the Court finds that plaintiff is precluded from proceeding *in forma pauperis* because he is a three-strikes litigant within the meaning of 28 U.S.C. § 1915(g), and he has not met the "imminent danger" exception. Accordingly, the Court will recommend that he be required to pay the filing fee in this action before proceeding.

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section

1

1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Review of court records reveals that before plaintiff initiated this case, several lawsuits filed by him have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted: The Court takes judicial notice of eight of plaintiff's prior lawsuits. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

(1) Youngblood v. State of California, et al., CAED No. 2:05-cv-00727-LKK-DAD, dismissed for failure to state a claim on September 11, 2006;

(2) Youngblood v. Chico Parole Outpatient Clinic, et al., CAED No. 2:11-cv-02159-GGH, dismissed for failure to state a claim on October 21, 2011;

(3) Youngblood v. State of California, et al., CAND No. 4:11-cv-04064-PJH, dismissed for failure to state a claim on March 16, 2012;

(4) Youngblood v. Lamarque, et al., CAND No. 4:12-cv-04423-PJH, dismissed as frivolous and for failure to state a claim on February 4, 2013;

(5) Youngblood v. Feather Falls Casino, CAND No. 4:13-cv-01282-PJH, dismissed as frivolous and for failure to state a claim on February 28, 2013;

(6) Youngblood v. Evans, et al., CAND No. 4:13-cv-02097-PJH, dismissed a frivolous and for failure to state a claim on May 14, 2013;

(7) Younghblood v. Warden, et al., CAND No. 4:13-cv-04366-PJH, dismissed for failure to state a claim on November 12, 2013; and

(8) Youngblood v. Clark, et al., CAED No. 1:15-cv-01746-DAD-BAM (PC), dismissed

for failure to state a claim on August 15, 2017.  Consequently, Plaintiff is not entitled to proceed in forma pauperis, even had he applied to do so. Furthermore, the Court has reviewed plaintiff's complaint in this action and finds that he does not meet the imminent danger exception. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

Plaintiff's allegations are based on a May 30, 2019, incident in which he claims he was ordered to be double-celled despite the purported authorization by his clinician that he be single-celled due to his mental health needs. Plaintiff alleges he was threatened with a Rules Violation Report and potential loss of good time credits if he refused to be double-celled. Attachments to the complaint reveal that plaintiff was indeed issued an RVR because he refused a cellmate despite being cleared for double-cell housing in December 2018. It appears that plaintiff seeks damages and a permanent medical chrono for single-cell housing.

The Court finds that plaintiff's complaint allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1053. Though the circumstances plaintiff complains of, if true, are not desirable, his allegations do not show that he was in imminent danger of serious physical injury when he filed this action on August 28, 2019[1]. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015); Andrews, 493 F.3d at 1056-57. Thus, plaintiff is precluded from proceeding *in forma pauperis* in this action. Andrews, 493 F.3d at 1056-57.

Accordingly, plaintiff is ineligible to proceed *in forma pauperis* in this action, and he should be required to pre-pay the $400 filing fee to proceed in this case.

Based on the foregoing, the Court **ORDERS** the Clerk of Court to assign a District Judge to this action; and

The Court **RECOMMENDS** that plaintiff be required to pay the $400 filing fee before proceeding with this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these Findings and Recommendations, plaintiff may file written objections with

---

[1] Moreover, unless plaintiff is lawfully precluded from having a cellmate, prison officials act lawfully by issuing an RVR to an inmate who refuses to accept a cellmate.

the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 10, 2020**            **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE